Honorable Richard D. Lamm Governor State Capitol Building Denver, CO 80203
Dear Governor Lamm:
On June 18, 1986 you wrote requesting my legal opinion on whether the House of Representatives of the Colorado General Assembly complied with the requirements set out in the Colorado Constitution when the House voted to override your item vetoes of certain provisions in H.B. 1342 passed by the 55th General Assembly (the "1986 Long Bill"). Specifically you ask whether the House separately reconsidered each item vetoed by you, as required by Colo. Const. art. IV, § 12.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Whether the vote of the House of Representatives approving one motion to override all your item vetoes collectively, is sufficient to meet the requirement of Colo. Const. art. IV, §12, that each item objected to shall be separately reconsidered.
 No. It is my opinion that the procedure followed by the House of Representatives failed to satisfy either the express language of that constitutional requirement or its underlying purpose.
2. Does the failure to vote on each item separately invalidate the passage of the items over the veto.
 Yes. The failure to properly pass the override allows the vetoes to stand.
ANALYSIS
1. You have advised me of the following relevant factual circumstances which are documented by the legislative history prepared by the General Assembly. On May 26, 1986, acting in your capacity as Governor, you exercised your item veto power to disapprove several provisions of the 1986 Long Bill.See, Journal of the House of Representatives, 55th General Assembly, 2d Regular Session, May 27, 1986 ("House Journal"), at 1589-1618. Both houses of the General Assembly considered these vetoes on May 27, 1986.
The House overrode all of the vetoed items in a single recorded vote. See House Journal, at 1624. In contrast, the Senate separately reconsidered each of the vetoed items on separate motions made by Senator Dodge. See Senate Journal, 55th General Assembly, 2d Regular Session, May 27, 1986 ("Senate Journal"), at 1213-19. Of the fifteen items separately reconsidered by the Senate, fourteen vetoes were overridden. One item veto, relating to funding for the Division of Labor in the Department of Labor and Employment, was sustained when less than two-thirds of the members of the Senate voted to override.See Senate Journal, at 1218.
Colo. Const. art. IV, § 12 specifies the procedure that the General Assembly must follow in order to override gubernatorial item vetoes:
 The governor shall have power to disapprove of any item or items of any bill making appropriations of money, embracing distinct items, and the part or parts of the bill approved shall be law, and the item or items disapproved shall be void, unless enacted in manner following: If the general assembly be in session, he shall transmit to the house in which the bill originated a copy of the item or items thereof disapproved, together with his objections thereto, and the items objected to shall be separately reconsidered, and each item shall then take the same course as is prescribed for the passage of bills over the executive veto.
(Emphasis added.)
Where a constitutional provision is perfectly plain and emphatic, there is no reason to look behind the purpose of the requirement.In Re Interrogatories of the Governor, 195 Colo. 198,203, 578 P.2d 200 (Colo. 1978) (Governor required to comply with the express constitutional requirement mandating that certain vetoed bills be filed with the Secretary of State within thirty days after legislative adjournment; substantial compliance with the purpose of the constitutional requirement was not relevant.) Colo. Const. ar. IV, § 12 unequivocally requires that "the items objected to shall be separately reconsidered andeach item shall then take the same course as is presented for the passage of bills over the executive veto." (Emphasis added.) The Senate followed the constitutionally mandated procedure by making a separate motion to override each item vetoed by the Governor; the House did not, however.
Not only the express constitutional language, but also the policies which underlie the Governor's item veto power, support this opinion. The constitutional requirement of separate reconsideration of vetoed items is what makes possible effective use of that important executive tool. The exercise of the item veto is a selective power designed to enable the Governor to disapprove some items in a general appropriation bill while giving approval to others. Colorado General Assembly v.Lamm, 704 P.2d 1371, 1383 (Colo. 1985). It was designed to curtail such legislative abuses as logrolling, riders and omnibus appropriations. Id.
The Governor's vetoes were exercised for several different reasons, including separation of powers, the propriety of appropriations of federal funds, and the inclusion of substantive law in the Long Bill. The vetoes affected several departments in the executive branch. By requiring that the vetoes be separately reconsidered, art. IV, § 12 ensures that each item will be reconsidered on its own merits. This procedure enhances the public trust in the veto process. See Plumley v.Hale, 594 P.2d 497 (Alaska 1979). Under the facts that you have presented, it was impossible for the House of Representatives to separately review each veto. This procedure is in stark contrast to that followed by the Senate, which found sufficient reasons to sustain one veto when each was considered separately.
2. The remaining question is the effect of the failure of the House to reconsider separately each item vetoed by the Governor. Colo. Const. art. IV, § 12 states that items disapproved by the Governor "shall be void, unless enacted in the following manner. . . ." Since the House failed to follow the constitutional provision mandating separate reconsideration of each item, the vetoes must be considered to be sustained and the vetoed items void. This decision is compelled by an analogous ruling of the Colorado Supreme Court that where the General Assembly has had the opportunity to review the Governor's vetoes of certain bills, but either sustained the vetoes or declared the bills "lost," then the result was that those bills did not become law. In Re Interrogatories of the Colorado Senate,195 Colo. 220, 578 P.2d 216 (1978). Under the circumstances presented here, the House of Representatives had an opportunity to reconsider the vetoed items separately, but failed to follow the constitutionally required process, with the effect that those vetoed provisions did not become law.
SUMMARY
It is my conclusion that the House of Representatives failed to meet the constitutional requirement of art. IV, § 12 that the Governor's item vetoes shall be separately reconsidered. Consequently, the House vote to override the Governor's vetoes was ineffective, and the Colorado Constitution mandates that the vetoed provisions be considered void.
Very truly yours,
 DUANE WOODARD Attorney General
GOVERNOR LEGISLATURE STATUTES
Colo. Const. art. IV, § 12
GOVERNOR
The House of Representatives failed to separately reconsider the Governor's vetoes of items in the 1986 Long Bill, with the result that the vetoed items were invalid.